UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

KENETH PRICE,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )          No. 4:17-CV-00083-JRG-CHS
                                       )
TIM LOKEY, MARY WEST, TONYA            )
EDWARDS, SOUTHERN MEDICAL              )
GROUP, and RHONDA BECK,                )
                                       )
            Defendants.                )

## MEMORANDUM OPINION

This matter is before the Court on a sua sponte review of the record. When Keneth Price ("Plaintiff") filed this action, he listed the Bedford County Correctional Facility as his address [Doc. 2]. On January 14, 2019, this Court granted Plaintiff's motion to proceed in forma pauperis ("IFP") and ordered Plaintiff to "immediately inform the Court . . . of any address changes in writing" pursuant to Local Rule 83.13 [Doc. 3 at 2]. Plaintiff was forewarned that failure to promptly notify the Clerk and other parties to the proceeding within fourteen days of any changes in his address, to monitor the progress of the case, and to prosecute or defend the action diligently "may result in the dismissal of this action" [*Id.*]. On January 22, 2019, however, the Court's order was returned as "Undeliverable" with no forwarding address [Doc. 4].

On February 14, 2019, this Court ordered Plaintiff to show cause within twenty-one days, as to why his case should not be dismissed based on his failure to report his change of address to the Clerk of Court [Doc. 5]. Plaintiff was notified that failure to respond to the Order will result in the case's dismissal [*Id.*]. On February 29, 2019, the order was returned as "Undeliverable"

[Doc. 6]. Plaintiff has not updated his address with the Court or respond to the Court's show cause order and the time to do so has passed.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the last two attempts made by this Court to contact Plaintiff regarding his case have been unsuccessful. Whether willful or negligent, Plaintiff has failed to update his address and/or monitor this action as required by Local Rule 83.13. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since Defendants have not yet been served, they have not been prejudiced by Plaintiff's inactions.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure [Doc. 3 p. 2; Doc. 5 p. 2].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed IFP; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. There seems little purpose allowing alternative sanctions where Petitioner has apparently abandoned his case showing a lack of respect for this Court's deadlines and orders, even after threatened with its dismissal.

The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). The Court will enter an order consistent with this opinion.

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE